UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE E. WILLIAMSON,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 2:18-cv-02304 KJM CKD<br><br><br>FINDINGS AND RECOMMENDATIONS |

I.   Introduction

Plaintiff filed for benefits under Title II of the Social Security Act on August 12, 2014. (ECF No. 8-1 at 8.) On June 15, 2017, the Administrative Law Judge (ALJ) issued a decision finding plaintiff not disabled through her date last insured. (Id. at 8-17.) On June 18, 2018, the Appeals Council denied plaintiff's request to review the ALJ's decision, making it the final decision of the Commissioner. (ECF No. 8-1 at 23-25.) Plaintiff filed this federal action on August 23, 2018. (ECF No. 1.)

Defendant seeks dismissal of the complaint, arguing that it was filed one day late under the applicable federal statute, 42 U.S.C. § 405(g). For the reasons discussed below, the undersigned will recommend that defendant's motion be denied.

////

II.     Legal Standards

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In ruling on a motion to dismiss, the court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Gailbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002); see also Steckman v. Hart Brewing Co., Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (on Rule 12(b)(6) motion, court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.") The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

Here, defendant contends that dismissal is required because plaintiff failed to file her complaint within the 60–day statute of limitations provided by 42 U.S.C. § 405(g). Although the statute-of-limitations defense is usually raised in an answer to a complaint, "it may be raised in a motion to dismiss when the running of the statute is apparent from the face of the complaint." See Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir.1987) (citing Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 119 (9th Cir. 1980)). A complaint brought pursuant to 42 U.S.C. §

405(g) may be dismissed on a 12(b)(6) motion if it appears beyond doubt from the face of the complaint "that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995)).

III. Analysis

On June 18, 2018, the Appeals Council issued a Notice to plaintiff denying her request for review and explaining how to file a civil action. (ECF No. 8-1 at 23-24.) The Notice provided the following guidance as to timing:

**Time to File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you receive the letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(ECF No. 8-1 at 24-25.)

Plaintiff did not request an extension of time to file a civil action. (ECF No. 8-1, Voegele Decl., at ¶ 3(b).) Plaintiff filed this federal action on August 23, 2018. (ECF No. 1.)

A. Timeliness

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by <u>a civil action commenced within sixty days after the mailing</u> to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

3

42 U.S.C. § 405(g) (emphasis added).

Sections 405(g) and (h) operate to constitute a 60–day statute of limitations in which the claimant may appeal a final decision from the Commissioner. Lujano v. Colvin, 2015 WL 3623805, (E.D. Cal. June 9, 2015), citing Bowen v. City of New York, 476 U.S. 467, 479 (1986); Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987). The date of the "mailing" is defined as "5 days after the date on the notice," unless there is a reasonable showing to the contrary that the notice was not received within the five-day period. 20 C.F.R. §§ 416.1401, 422.210(c). A civil action filed within 65 days of the notice is presumed timely. Id. If a claimant does not file a civil action within the prescribed 60-day time frame, he or she loses the right to judicial review. 20 C.F.R. § 404.900(b).

"The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." Anderson v. Astrue, 2008 WL 4506606 *3 (E.D. Cal. Oct.7, 2008). Exceptions to the timing requirement of § 405(g) "are not to be lightly implied. Therefore, the late-filing of Social Security complaints is scrutinized under a different standard than the late-filing of briefs during an action that has already commenced. Since the former standard is more demanding, it may sometimes be the case that (as here) the court will accept a late-filed brief but not a late-filed complaint." Del Rosario v. Berryhill, 2019 WL 5067011, *4 (N.D. Cal. Oct. 9, 2019), citing Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983). Courts have dismissed complaints under § 405(g) that were filed days after the expiration of the statute of limitations. See, e.g., Tate v. United States, 437 F.2d 88, 89 (9th Cir. 1971) (affirming dismissal of Social Security complaint filed two days late); Atherton v. Colvin, 2014 WL 580167 at *4 (C.D. Cal. Feb. 12, 2014) (dismissing complaint filed four days late); Davila v. Barnhart, 225 F.Supp.2d 337 (S.D.N.Y. 2002) (dismissing complaint filed one day late).

Here, the notice date was June 18, 2018. Plaintiff's presumptive date of receipt, five days later, was June 23, 2018, a Saturday. Sixty days from that date was August 22, 2018. Thus, defendant contends, the instant complaint – filed August 23, 2018 – is untimely under § 405(g)

and agency regulations.

Plaintiff first argues that the language of the Appeals Council's notice was misleading as to the federal filing deadline. The undersigned considers that argument below.

Plaintiff next invokes Rule 6(a)(1)(c) of the Federal Rules of Civil Procedure, which provides that "in any local rule or court order, or in any statute that does not specify a method of computing time[,]" the computation shall "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Citing Rule 6, plaintiff argues that the 60-day clock did not start until Monday, June 25, 2018, such that the complaint filed on August 23, 2018 was timely. Put simply, plaintiff seeks to apply a Rule 6 extension to <u>start date</u> of the statutory limitations period.

Defendant acknowledges that Rule 6 would apply if the <u>last day</u> of the statutory limitations period fell on a weekend or legal holiday. <u>See, e.g.</u>, <u>Atherton</u>, 2014 WL 580167 at *2, n.3 (noting that "[s]ixty calendar days after April 30, 2013 [date of Appeals Council presumptive notice] was June 29, 2013. However, because June 29 was a Saturday, the deadline for filing the Complaint was the following Monday–July 1, 2013," citing Rule 6(a)(1)(C)). However, courts have held that Rule 6(a)(1)(c) does not apply to extend the five-day grace period set forth by federal regulation, which is not a statute, local rule, or court order under Rule 6. <u>See Rodriguez v. Colvin</u>, 2016 WL 316771, at *3 (E.D. Cal. June 9, 2016), citing <u>Flowers v. Colvin</u>, 2013 WL 1442511, at *3 (M.D. Ala. Apr. 9, 2013) (finding that "by its terms, Rule 6(a)" does not apply to the five-day grace period for presumed receipt of Appeals Council notice) (collecting cases); <u>Martin v. Berryhill</u>, 2017 WL 8813083, at *5, n.5 (N.D. Fla. May 10, 2017), report and recommendation adopted 2018 WL 659200 (N.D. Fla. Feb. 1, 2018) (declining to apply Rule 6(a)(1)(C) when presumptive receipt date fell on a Saturday); <u>Qualia v. Colvin</u>, 2016 WL 7911911, at *1, n.1 (S.D. Ga. Dec. 12, 2016), report and recommendation adopted 2017 WL 279820 (S.D.Ga. Jan. 20, 2017) (declining to apply Rule 6 to the five-day grace period); <u>Savoie v. Comm'r of Soc. Sec.</u>, 2013 WL 3967167, at *2, n.2 (W.D. La. July 31, 2013) (same); <u>Harmon v. Astrue</u>, 2010 WL 1790440, at *2 (S.D.W.Va. April 30, 2010) ("the language in Rule 6(a) is clear

that rules under this heading do not apply to time periods specified in the Commissioner's regulations"); Banks v. Astrue, 2009 WL 2046861, at *2 (W.D.Ky. July 13, 2009) (declining to apply Rule 6(a) to five-day grace period set by regulation).

Consistent with these decisions, the undersigned concludes that, absent equitable tolling, plaintiff's complaint in this action is untimely.

B. Equitable Tolling

Section 405(g) has been strictly construed to permit extensions of time only by the Commissioner pursuant to 20 C.F.R. §§ 404.911 and 416.1411, or by a Court applying traditional equitable tolling principles in cases where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate. Belk v. Comm'r, 2009 WL 3748290, *3 (E.D. Cal. Nov. 5, 2009), citing Bowen v. City of New York, 476 U.S. 467, 479–482 (1986) (plaintiffs prevented from filing because of "the Government's secretive conduct."). The Ninth Circuit has cautioned that, under § 405(g),

> [t]he task of showing a basis for equitably tolling the statute of limitations may . . . prove to be daunting. Compare Bowen, 106 S.Ct. at 2030 (noting that tolling may be appropriate in "the rare case such as this," where the government's secretive conduct prevented plaintiffs from learning of their rights), with id. at 2030 n. 12, 2033 (noting that " 'hard' cases may arise" and observing that equitable tolling in this case is supported by "fairness concerns" underlying the regulations allowing the Secretary to grant extensions in situations "where the claimant misunderstands the appeal process or is unable timely to collect necessary information, or where the Secretary undertook action that 'misled' the claimant concerning his right to review").

Vernon, 811 F.2d at 1278. "Only in rare cases will the doctrine of equitable tolling allow a plaintiff to avoid the statute of limitations[]" under § 405(g). Burke v. Berryhill, 706 Fed. Appx. 381, 382 (9th Cir. Dec. 13, 2017) (unpublished), citing Bowen, 476 at 480-481.

Here, plaintiff argues that equitable tolling is warranted due to the "confusing and misleading" language in the Appeals Council's June 18, 2018 letter of notice. (ECF No. 11 at 4.) The notice stated: "The 60 days start <u>the day after you receive this letter</u>. We assume you receive the letter 5 days after the date on it[.]" (Emphasis added.) Plaintiff argues that this language

suggested that the 60-day clock started running the day <u>after</u> the presumed notice date of June 23, 2018. "Thus, according to Social Security, Plaintiff's 60-day period to file this appeal extended through August 23, 2018 and the day she filed her complaint," plaintiff asserts. (ECF No. 11 at 4.) Plaintiff argues that she relied on the notice language, which appears to conflict with § 405(g), and that "[t]here is no plausible, good faith argument that Social Security should not be bound by its express instructions to Plaintiff regarding her filing deadline." (<u>Id.</u>) See <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1203 (9th Cir. 1990) (holding that the form of Social Security notice was "sufficiently misleading that it introduces a high risk of error into the disability decision-making process" and implicates claimant's right to procedural due process).

In fact, the Fifth Circuit read 20 C.F.R. § 422.210(c) in the same way that plaintiff read the Appeals Council's notice language. In <u>Fletcher v. Apfel</u>, 210 F.3d 510, 513 (5th Cir. 2000), the court considered a notice of decision mailed to plaintiff on February 20, 1997. "By applying the five-day presumption to February 20, Fletcher was deemed to have received notice on February 25. Under the un-rebutted presumption in section 422.210(c), the period thus began to run February 26." <u>Id.</u> Here, it appears that plaintiff's counsel misunderstood the filing deadline based on the notice language, and plaintiff relied on counsel's advice. (ECF No. 11 at 4.) See <u>Hernandez v. Sullivan</u>, 1991 WL 243451, *3 (S.D.N.Y. Nov. 8, 1991) (applying equitable tolling to § 405(g) statute of limitations where plaintiff followed counsel's incorrect legal advice about deadline). Moreover, a one-day delay in filing the complaint in no way prejudices defendant. Given plaintiff's good-faith reliance on the apparent meaning of the notice language, the undersigned finds that the equities favor tolling the limitations period by one day, such that plaintiff's complaint should be deemed timely.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 8) be denied; and

2. Defendant be directed to file an answer to the complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 5, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / williamson2304.ssi.mtd_fr