UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE E. WILLIAMSON,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No.  2:18-cv-02304 KJM CKD<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for benefits under Title II of the Social Security Act ("Act").

On November 5, 2019, the magistrate judge filed findings and recommendations, F&Rs, ECF No. 15, which contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days.  Defendant has filed objections to the findings and recommendations, Obj., ECF No. 16, and plaintiff has filed a response, Resp., ECF No. 17.  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported generally by the record and by the proper analysis.

The court writes separately to further clarify the court's reasoning in applying equitable tolling.  A review of the facts demonstrates this is one of the "rare" cases in which "the

1

equities of tolling are compelling." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (Congress authorized Secretary to toll 60-day limit, indicating its clear intent to allow tolling in cases where equities in favor of tolling limitations period are "so great that deference to the agency's judgment is inappropriate") (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

Plaintiff suffers from Parkinson's disease, degenerative disc disease and degenerative joint disease of the lumbar spine. Social Security Decision, Ex. 1 ("Findings of Fact and Conclusions of Law"), ECF No. 8-1 at 10–17; Resp. at 5. Medical records also reveal a diagnosis for depression, adjustment disorder with depressed mood and anxiety. Findings of Fact and Conclusions of Law at 11. On June 18, 2018, plaintiff received the Appeals Council's notice of denial. Notice, Ex. 2 ("Notice of Appeals Council Action"), ECF No. 8-1, at 23–25. The Notice included the following statement:

**Time to File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

*Id.* at 24.

At the time the Appeals Council issued its notice of denial, plaintiff was no longer represented by an attorney. Resp. at 2. Plaintiff's presumptive date of receipt, five days after June 18, 2018, was June 23, 2018, a Saturday. F&Rs at 4. Sixty days from that date was August 22, 2018. *Id.* On August 23, 2018, plaintiff's counsel initiated this action, one day after the deadline. Resp. at 2.

Here, plaintiff argues the Notice is subject to differing interpretations because it uses "confounding language, beset with prepositions and subordinate clauses" meant to inform "vulnerable, impaired claimants as to a critical filing deadline that must be met to preserve their

claim." *Id.* at 2–3.  Defendant contends "plaintiff was represented by experienced counsel . . . Mr. Walker had a solo practice for eight years and one of his specialties was social security disability hearings." Obj. at 6.  In response, plaintiff notes, "The Commissioner's instant objection does not . . . address the present question that the language in the Commissioner's notice regarding the *method* of calculating the 65-day court filing deadline is open to interpretation and serves to confuse vulnerable, impaired claimants."  Resp. at 3 (emphasis in original).  Defendant relies on cases that stand for the general proposition that "the notice language was plain enough for a pro se claimant to understand" (Obj. at 6), which does not address the filing deadline interpretation issue here: "the agency's refusal to simply state the presumed court filing deadline in its notice of final decision, or at least employ unambiguous language as to the manner in which the 65-day court filing deadline is calculated."  Resp. at 3; Obj. at 6 (citing *Thompson v. Comm'r of Soc. Sec. Admin.*, 919 F.3d 1033, 1037 (8th Cir. 2019); *Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581, 584 (11th Cir. 2012) (unpublished) (no evidence of extraordinary facts where claimant "was informed in clear language of her right to appeal to the district court and was instructed to do so within 60 days of the Commissioner's final decision").  The court is not persuaded by these cases.

In *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990), the court held "the form of the notice used . . . [was] sufficiently misleading that it introduce[d] a high risk of error into the disability decisionmaking process." *Id.*; *see generally Burke v. Berryhill*, 706 F. App'x 381, 382 (9th Cir. 2017) ("Traditional equitable tolling or estoppel principles can toll the limitation period . . . where . . . the defendant . . . affirmatively misleads the plaintiff") (citation omitted).  The *Burke* court, as have many other circuit courts, reasoned the 60-day time limitation for seeking judicial review could not be tolled because the "plaintiff did not demonstrate he followed the instructions provided by the Appeals Council for requesting an extension"; plaintiff there faxed his two requests instead of mailing them as clearly indicated in the Notice of Appeals. *Id.* at 383.  In *Burke*, the Ninth Circuit also found plaintiff had failed to show an extraordinary circumstance prevented the timely filing of the complaint where the Appeals Council had granted plaintiff's attorney a second extension and the complaint was still untimely after that.  *Id.*

3

As explained below, in light of *Gonzalez* and *Burke,* the court finds plaintiff satisfies the long-settled equitable tolling two-part test so as to overcome defendant's motion to dismiss, Mot., ECF No. 8, and allow plaintiff to pursue his appeal in this court.

A request for equitable tolling is based on the determination plaintiff sufficiently demonstrates he pursued his rights diligently and an extraordinary circumstance prevented his timely filing. *See Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (equitable-tolling requires two elements: (1) the litigant pursued his rights diligently, and (2) that some extraordinary circumstances stood in his way). Determining whether equitable tolling is warranted is a "fact-specific inquiry." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), *as amended* (Nov. 3, 2003) (quoting *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001)). Moreover, "[a]s a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Spitsyn*, 345 F.3d at 801.

1. Diligence

As the Ninth Circuit has observed the question of whether plaintiff exercised reasonable diligence in pursuing this matter, under the circumstances he faced, is a "fact-specific" inquiry. *Spitsyn*, 345 F.3d at 700. Defendant argues simply that "counsel's misreading of the deadline d[oes] not warrant equitable tolling." Obj. at 7. Plaintiff counters specifically that he was not represented by counsel at the time the Appeals Council issued its notice of denial. Resp. at. 2. In fact, plaintiff's current counsel was not involved in this matter at any point during the administrative proceedings. *Id.* It is undisputed the record shows plaintiff has been suffering from Parkinson's disease for the last thirteen years, since January 1, 2007. Social Security Decision, ECF No. 8-1, at 10. Plaintiff contends "[i]t is not speculative to conclude that a person afflicted for more than a decade with a progressive disease such as Parkinson's faces extraordinary difficulties performing the tasks necessary to initiate a lawsuit." *Id.* at 5.

Here, the record does suggest plaintiff was proceeding pro se at the time he received the notice of denial and exercised diligence upon close review of the language in the

notice to determine the presumptive filing deadlines for judicial review of his denial.[1]  *See* Opp'n, ECF No. 11, at 4.  Moreover, the court finds plaintiff's efforts to locate counsel in order to initiate this action, in light of his physical challenges, also show diligence sufficient to satisfy the first prong of the equitable tolling test.

         2.   <u>Extraordinary Circumstances</u>

To satisfy the second prong of the equitable tolling test, litigants must show they were "unable to file timely [documents] as a result of external circumstances beyond their direct control." *Rogers v. Berryhill,* No. 17-CV-05519-JSC, 2018 WL 1794437, at *2 (N.D. Cal. Apr. 16, 2018).  Plaintiff's opposition to the motion to dismiss suggests he is entitled to equitable tolling because he "faces extraordinary difficulties performing the tasks necessary to initiate a lawsuit" and the court "must construe the pleading in light most favorable to the plaintiff and resolve all doubts in favor of the plaintiff."  Resp. at 5.  Defendant argues "no extraordinary circumstances were present because the notice was not misleading."  Obj. at 4.  The court disagrees.

Here, as in *Gonzales*, plaintiff received a notice in the mail that did not clearly indicate "that if no request for reconsideration is made, the determination is final." *Gonzalez*, 914 F.2d 1197 at 1203.  Moreover, there is an equitable concern given that plaintiff was not represented by counsel and misunderstood the filing deadline based on the language in the notice.  The court finds a one-day delay in filing the complaint in no way prejudices defendant and the equities favor tolling the limitations period by one day, such that plaintiff's complaint should be deemed timely.

/////

/////

---

[1] The instructions for judicial review at 42 U.S.C. § 405(g) appear to conflict with the notice plaintiff received. In pertinent part, § 405(g) provides:  "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within* sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." *Id.* (emphasis added).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 8) is denied;
2. Defendant shall file an answer to the complaint no later than 60 days from the date of this order; and
3. This matter is referred back to the assigned magistrate judge for all further pre-dispositive proceedings.

DATED: September 10, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

6